**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50056 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00441-PA-1 |
| v. | MEMORANDUM[*] |
| JOSE ORTIZ,<br>              Defendant- Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 6, 2018[**]
Pasadena, California

Before:  CLIFTON and CALLAHAN, Circuit Judges, and HOYT,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36.3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

Appellant Jose Ortiz appeals, on statutory and constitutional grounds, the district court's imposition of a special condition of supervised release restricting his use of any name other than his "true legal name," following his guilty plea to possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review conditions of supervised release for abuse of discretion. *See United States v. Wolf Child*, 699 F.3d 1082, 1089-90 (9th Cir. 2012). We affirm.[2]

Ortiz contends that the district court's imposition of special condition seven, which prohibits him from obtaining, possessing or using any form of identification in any name, other than his "true legal name," without the prior written approval of his probation officer, constitutes an abuse of discretion and subjects him to further imprisonment for using his English name. Ortiz also contends that this special release condition violates his liberty interest because it is not reasonably related to the offense, his criminal history, his character, or necessary to promote deterrence or public protection. *See* 18 U.S.C § 3583(d); U.S.S.G. § 5D1.3(b).

Supervised release condition seven is not impermissibly overbroad such that it impinges on any fundamental liberty interest Ortiz might have in his name. After

---

[1] Although Ortiz does not *expressly* invoke due process in his opening brief, his material citations would seem to indicate that the constitutional issue is before us. Accordingly, we proceed under this assumption.

[2] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

all, his true legal name *is* Jose Ortiz.  Nevertheless, he asserts that the name "Joseph" is his alias and is the English version of his true name "Jose," therefore there is no evidentiary basis, other than speculation, that he has used false identification in the past.  That contention is unavailing.

Title 18 U.S.C. § 3583(d) establishes the circumstances for imposing conditions of supervised release.  A court may order a condition of supervised release so long as it is reasonably related to section 3553(a) sentencing factors, involves no greater restraint of liberty than is reasonably necessary under the sentence imposed, and is consistent with pertinent policy statements issued by the United States Sentencing Commission.  *Wolf Child*, 699 F.3d at 1089-90.

Ortiz mischaracterizes the scope of the district court's order.  Special condition seven simply prohibits the appellant from obtaining or possessing a "driver's license, social security number, birth certificate, passport or any other form of identification in any name, other than the [appellant's] true name."  It does not prevent Ortiz or his friends from referring to him/himself as "Joseph."  Clearly, the district court's order sets parameters designed to curb criminal conduct on the part of Ortiz through documents in a name other than his legal name.  The district court stated that the condition was "designed to make it more difficult for [Ortiz] to use another name while on supervision or to use that name to illegally obtain a firearm,

given the fact this is not [Ortiz's] first time . . . possessi[ng] . . . a firearm and is consistent with his current status."

The record shows that Ortiz has an extensive, violent criminal history dating back to age 16 when he associated with street gangs, including convictions for carrying a concealed weapon and assault with a deadly weapon with force. His history also reveals that he used names other than his legal name in other criminal activities. The district judge's statement of reasons, the evidence, and Ortiz's lengthy criminal history adequately explain the judge's reasons for imposing supervised release condition seven. Condition seven is reasonably related to the goals of supervised release and does not materially offend the appellant's liberty interest. *See* 18 U.S.C. § 3583(d); *see also United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008) (internal citation omitted).

Ortiz's sentence containing supervised release condition seven is **AFFIRMED**.